UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80856-ROSENBERG

SHARLENE JACOBS,

    Plaintiff,

v.

CAPITAL ONE BANK, N.A., et al.,

    Defendants.

_____/

## ORDER GRANTING THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendants' Motions for Summary Judgment at docket entries 61 and 64. For the reasons set forth below, the Motions are granted.

### Factual Background[1]

The Plaintiff parked her car in Miami. DE 65 at 3. Using an Uber, she left her car and went to the Miami airport. *Id.* The Plaintiff traveled to many places, including Indonesia, England, Europe, and Asia. *Id.* at 4. As a result, the Plaintiff was away from her car for several months. *See id.*

While the Plaintiff was traveling, her car was towed for being illegally parked. *Id.* Also while traveling, a friend informed the Plaintiff that her car was no longer where it should be. *Id.* As a result, the Plaintiff reported her car as stolen to the Miami police. *Id.*

Still while the Plaintiff was traveling, the towing company mailed an invoice for its fees to the lienholder of record for the car—Capital One—who is a Defendant in this case. *Id.* Capital One mailed the Plaintiff several notices that her vehicle had been towed. *Id.* The Court presumes

---

[1] Almost every fact in this case is undisputed. The facts set forth in the Court's background section are all undisputed.

that the Plaintiff did not receive the notices because she was traveling abroad and because she does not maintain a permanent residence.[2]

Pursuant to the contractual agreement between Capital One and the Plaintiff, the Plaintiff agreed not to "expose the vehicle to misuse, *seizure*, *confiscation*, or involuntary transfer." DE 64-5 at 3 (emphasis added). In the event the Plaintiff breached this covenant, she would be in default of the agreement. *Id.* In the event the Plaintiff defaulted, Capital One had the right to repossess the vehicle. *Id.* Pursuant to those provisions, after the vehicle was in the possession of towing companies for ninety-nine days, Capital One paid the towing fees and repossessed the Plaintiff's vehicle. DE 65 at 6. Capital One mailed the Plaintiff a notice of its repossession and began the process of selling the vehicle. *Id.*

After Capital One repossessed the Plaintiff's vehicle, it informed credit reporting agencies of that repossession. *Id.* This is the fact that gives rise to the Plaintiff's claims under the Fair Credit Reporting Act in this case.

Capital One's Motion for Summary Judgment

Because the Plaintiff disputed to credit reporting agencies (as Capital One reported) that her vehicle had been repossessed, the Plaintiff has sued Capital One on the premise that it "failed to conduct a reasonable investigation" into the Plaintiff's dispute and also because Capital One reported inaccurate and false information to credit reporting agencies. Capital One seeks summary judgment on the premise that its report to the credit reporting agencies was accurate.

The Plaintiff's claim against Capital One arises under 15 U.S.C. § 1681s-2. That statute prohibits furnishers of information, such as Capital One, from reporting information that it knows

---

[2] The Plaintiff "does not recall where she resided" during the year at issue in this case. DE 65 at 3.

or has reasonable cause to believe is inaccurate. *Id.* Furnishers must also conduct a reasonable investigation when someone such as the Plaintiff files a dispute. *Id.* Here, the information Capital One reported was accurate, and that fact alone is fatal to the Plaintiff's claim. *See Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) (requiring an inaccuracy for a violation of section 1681s-2 to be cognizable); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018) (same). The Plaintiff conceded at her deposition that her vehicle had been repossessed by Capital One. DE 64-4 at 19. True, the Plaintiff testified that she believed that Capital One's actions were improper and illegal, but that does not mean that Capital One's reporting of repossession was false or inaccurate.

The gravamen of the Plaintiff's claim against Capital One is that Capital One should have provided greater information—that it should have informed credit reporting agencies that the repossession was not because of the Plaintiff's failure to make payments on her loan, and that the vehicle had previously been stolen. These arguments fail for the reasons outlined in the published, binding, and analogous case of *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359 (11th Cir. 2024).

In *Holden*, the plaintiffs entered into timeshare agreements with the defendant. *Id.* at 1363. The plaintiffs made the decision to stop making payments and, according to them, their decision meant that the agreements were cancelled. *Id.* The defendant disagreed, and it informed credit reporting agencies that the plaintiffs had an outstanding debt. *Id.* The plaintiffs sued the defendant, arguing that it failed to conduct a reasonable investigation (which section 1681s-2 requires) into their dispute because, if it had, it would have concluded that there was no outstanding debt. *Id.*

3

The Eleventh Circuit held that summary judgment against the plaintiffs was proper. *Id.* In reaching its decision, the Eleventh stated that the accuracy of a furnisher's reporting of information must be based upon objectively reasonable interpretations of facts. *Id.* at 1367-68. The information must be objectively and readily verifiable, and a desired legal outcome is not an objectively and readily verifiable fact. *Id.*

Here, the Plaintiff may dispute whether Capital One's repossession was proper, but that is a legal argument akin to the argument rejected by the Eleventh Circuit in *Holden*. Instead, consistent with what *Holden* requires, Capital One's reporting of repossession was, at a minimum, an objectively reasonable reporting of the facts, and it was certainly objectively verifiable. There was additionally nothing for Capital One to investigate further, as regardless of the reason the vehicle was repossessed, it was repossessed. Like *Holden*, the Plaintiff wanted Capital One to do more, to conclude differently, or to phrase its reporting in a way acceptable to the Plaintiff, but that is not what section 1681s-2 requires.

The Plaintiff argues that there are many reasons a vehicle could be repossessed and, as a result, the word is misleading. DE 79 at 9. For example, the Plaintiff points out that a vehicle might be repossessed because it was removed from the United States, it was leased, or it was sold. *Id.* But section 1681s-2 does not impose upon furnishers the duty to use specific words, nor does it impose a duty to use words that contain no potential ambiguity about underlying causes whatsoever. Instead, section 1681s-2 merely imposes a duty upon furnishers to report accurate information that is not objectively misleading.

When deciding whether information is objectively misleading, courts routinely hold that credit reports must viewed in their entirety—words or data cannot be viewed in isolation. *E.g.,*

4

*Bibbs v. Trans Union, LLC*, 43 F.4th 331, 342 (3d Cir. 2022). Viewed in its entirety, the Plaintiff's credit report did not objectively mislead creditors to believe that her loan with Capital One was past due. Far from reporting a past due account, Capital One affirmatively reported (at the time of repossession) that the Plaintiff's account was *not* past due:

|  | 03/2022 | 02/2022 | 01/2022 | 12/2021 | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 | 05/2021 | 04/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $0 | $14,963 | $14,963 | $14,963 | $14,963 | $14,963 |  |  |  |  |  |  |
| Scheduled Payment | $0 | $0 | $0 | $0 | $0 | $0 |  |  |  |  |  |  |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 |  |  |  |  |  |  |
| Past Due | $0 | $1,777 | $1,422 | $1,066 | $711 | $355 |  |  |  |  |  |  |
| Remarks | DRG/PPL | DRG/RPO | DRG/RPO | DRG/RPO | DRG/RPO | DRG/RPO |  |  |  |  |  |  |
| Rating | C/O | RPO | RPO | RPO | RPO | RPO | RPO | OK | OK | OK | OK | OK |

|  | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | 10/2020 | 09/2020 | 08/2020 | 07/2020 | 06/2020 | 05/2020 | 04/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

|  | 03/2020 | 02/2020 | 01/2020 | 12/2019 | 11/2019 | 10/2019 | 09/2019 | 08/2019 | 07/2019 | 06/2019 | 05/2019 | 04/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | 30 | OK | OK | OK | OK | OK | OK | OK | OK |

DE 64-26 at 4.[3] For all of the reasons set forth above and in Capital One's Motion and Reply (including the grounds in the Motion and Reply that this Court has not discussed), which the Court adopts and incorporates herein, Capital One's reported information was not objectively misleading and did not violate section 1681s-2 as a matter of law. Capital One is therefore entitled to summary judgment.

Relatedly, the other Defendant in this case—Equifax—cannot be liable under section 1681s-2 for reporting information that Capital One provided to Equifax. Suffice it to say that if Capital One is entitled to summary judgment for the information it provided to Equifax, Equifax cannot be liable for reporting the very same information. Equifax's Motion for Summary Judgment is granted for the same reasons Capital One's Motion for Summary Judgment is granted.

---

[3] Capital One did not report that the Plaintiff's account was past due at the time the vehicle was repossessed, September of 2021. However, after Capital One repossessed the vehicle, the Plaintiff decided she would no longer make payments on her loan and Capital One accurately reported that fact in October of 2021. DE 64-26 at 4, DE 65 at 6, DE 65-4 at 20 ("Q: So you believe it's true that once Capital One took possession of the vehicle, you had no obligation to make payments . . .? A: I believe that it's true. . . .").

5

Therefore, for all of the foregoing reasons it is **ORDERED AND ADJUDGED** that the Defendants' Motions for Summary Judgment at docket entries 61 and 64 are **GRANTED**. All other pending motions are **DENIED AS MOOT**, and the Clerk of the Court shall **CLOSE THIS CASE**. The Defendants shall submit a proposed final judgment in Microsoft Word format to rosenberg@flsd.uscourts.gov within three business days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG